ORIGINAL

FILED

JUL 2 2 2016

# IN THE UNITED STATES COURT FEDERAL CLAIMS

U.S. COURT OF
FEDERAL CLAIMS

**AROR ARK O'DIAH**

**v.**

**THE UNITED STATES.**

)
)
)
)
)
)
)
)
)
)

No._____

16-931 C

## COMPLAINT

### INTRODUCTION

1.  Plaintiff, Aror Ark O'Diah, bring this complaint by relying on exhibit "A", and on the affidavits

of Yonette A. Grant, and Ese A. O'Diah, and on the affirmation of Government Lawyers Brian A.

Mizoguchi and Mollie L. Finnan, all enclosed to asserts , and formed believes and allege herein and

hereon that defendant's Agents, Departments, Officers and Representatives and Employees and

Contractors subjected plaintiff to malicious prosecutions, unjust convictions, imprisonments, and caused

bodily injuries; and seizures of properties,  breaches of implied contract; whereby, Plaintiff further

believes, asserts  and alleges that his Constitutional Rights under the 5th Amendment and protection

under Whistleblower Protection Act were violated  to cause accumulated estimated damages amount of

$400 Billion losses to invoked 28 U.S.C. Sections 1491 and Title 42 U.S.C. Sections 1983, 1985 and 1986,

in the defendant's  and its Agents, Contractors,  and Department failure to pay plaintiff past-due money.

Plaintiff also relied on Federal Rules of Civil Procedure 59(a-e) and 60(a)(b)(2)(3)(4)(5)  violated .

## JURISDICTION

**2.**   The Defendants omissions and violation put in places are an ongoing without stop. This Court

has exclusive and concurrent jurisdiction under 28 U.S.C. Sections 1491; the defendant owe this plaintiff

past due  money, benefits and constitutional and statutory claims; including money compensation owe

to plaintiff  is among the issues raised in this complaint. Court of Federal Claims a money judgment

jurisdiction  adequately supported  by statement of facts  below articulated **via exhibit " A"**, enclosed

and the  affidavits of Yonette A. Grant, Witness, and Ese A. O'Diah, Witness, and the affirmation of

Government Lawyers enclosed.   Recurrence omission as newly discovered evidence was on 7/8/2016.

## VENUE

**3.**   Venue is timely invoked and proper in this judicial Circuit under 28 U.S.C. Sections 1491; and

under Whistleblower Protection Act because the issues and claims and damages stated in action were

ongoing omissions carried out nationwide more-so within the District of Columbia where bad policies

were initiated and signed into bad laws used to kidnap Plaintiff into State Prison to avoid payment of

past-due money owe to plaintiff by the Defendant;  Also, newly discovered evidences shows vast

conflicts of interest via breaches of fiduciary duties; whereby,  Defendants and State of New York denied

to pay past-due money owe to Plaintiff's  due to their direct participation in their ongoing "Systemic Acts

act of deliberate indifference  Practices" put in State of New York and United States Systems to denied

plaintiff "Substantive Due Process and Meaningful Access to attend Court to demand for payment  of

past-due money owe to plaintiff by the Defendant and its Agents, Departments, Representatives, and

Officers"  in violation of First, Fifth and fourteenth Amendments via unconstitutional enforcement of

improperly imposed sanctions, endorsed and implemented as practice customs and policies but in

violations prohibited under the United States Constitution, Statutes and Laws.  **F.R.C.P. 60(b)(2)(3).**

**2**                                   **Aror Ark O'Diah Complaint**

**PARTIES**

**4.**   Plaintiff, Aror Ark O'Diah,  a Nigerian-American male, who is 58-years old, is a citizen of the

United States; and currently maintained a resident in the State of New York.  Plaintiff is a businessman

by practice where he maintained employment as the Incorporators of the following Corporations: (1)

GALEC INTERNATIONAL COMPANY; (2) MORAL HEALTH SERVICE SYSTEM; (3) TIMESPEED, INC.; (4)

M.H.S.S. & TIMESPEED UNITED; (5) TIMESPEED INFORMATIONS AND PROTECTIVE SERVICES, INC.; (6)

TIMESPEED CONSULTING-TOURISM AND PERSONAL SERVICES, INC.; (7) TIMESPEED WORLDWIDE

WITNESSES OF THE ONLY TRUE GOD AND HIS SON SERVICES-OPERATION HELP AFRICA DEVELOP, INC.

But plaintiff's businesses has been unlawfully searched, seized and confiscated by the defendants

without substantive due process but via deliberate misrepresentation and false representation.

**5.**   Plaintiff's businesses activities include providing the following services: "Business information;

Customer Service Rating and Ranking; Schools and Colleges Reports; Human Development and Legal

Processing Advocates; Tourism and Hospitality Services; Permanent and Citizenship Immigration Petition

Documentation Services; Information and Protective Services; General and Behavioral Counseling

Services; Worldwide General Business Consulting Practices Rating and Ranking Reports; Worldwide

Witnesses of the Only True God and His Son Services-Operation Help Africa Develop Services; Advocates

for Commonsense Communities Policing and Policies; Marketing and Manufacturers Representatives;

Healthcare Reports and Health Science Researches; Teaching and Public Health Advocates; Clinics and

Hospitals and Medical Doctors and Physicians and Medical Treatment and Services Rating and Ranking

Services; Colleges and Universities, and High Schools Teachers and Professors Teaching and Performance

 Rating and Ranking; Courts Officers, and Cities and Counties Services and Policies Reports; Rating and

Ranking of Policies and Public Officials Corruption Worldwide; Colleges Acceptance and Reviews of

**3**

Proper and Improper Admissions Practices Reports; Managed Healthcare Conducts Reports, and Grading Teaching Services…" But Plaintiff's business activities has been maliciously and deliberately misrepresented to the General Public by the Defendants in an attempt to deny this plaintiff pursue of happiness and life. This plaintiff was subjected to solitary cruel punishment confinement for 7-years.

6.   Plaintiff earned his academic and intellectual training at the following Schools, Colleges and Universities: SAN FRANCISCO STATE UNIVERSITY AT SAN FRANCISCO; UNIVERSITY OF CALIFORNIA AT BERKELEY IN CALIFORNIA; GEORGE WASHINGTON UNIVERSITY AT THE DISTRICT OF COLUMBIA; UNIVERSITY OF MASSACHUSETTS AT BOSTON; CCAC AT PITTSBURGH IN PENNSYLVANIA; PERALTA DISTRICT COLLEGES AT OAKLAND IN CALIFORNIA; UNIVERSITY OF GIESSEN IN GERMANY AND UNIVERSITY OF HAMBURG IN GERMANY. But the defendants jointly kidnapped this plaintiff into State of New York Prison whereby the defendants attempted to coerce this plaintiff to take GED in their malicious attempt to humiliate, actually humiliated and degraded this plaintiff in their attempt to invalidate this plaintiff academic records and further subjected this plaintiff to psychological pains and suffering for over seven years from January 26, 2007 through December 27, 2013 while illegally held in State Custody via deliberate misrepresentation and false representation to cover-up the truth via fraud.

7.   The Defendant named in this above-caption action, use unconstitutional policies signed into bad laws put in places to encouraged ALL its Agents, Employees, Officers  named in the complaint caused Plaintiff  irreparable bodily injuries, and caused unlawful searches and seizure of plaintiff's properties and denied and deprived Plaintiff constitutional rights to his money via "Systemic deliberate indifference Practices" in reckless disregard to pay past-due money  "without substantive due process."' 5th and 14th Amendment s  to the United States Constitution were violated due to threat of irreparable harm.

4

**Aror Ark O'Diah Complaint**

## STATEMENT OF FACTS

**8.**   Plaintiff Aror Ark O'Diah, Black Male, Nigerian-American, has also been a "Freelance Writer and Commentator via Timespeed Magazine"; furthermore, plaintiff has been conducting businesses since January 05, 1976 in the businesses of International Distribution of "Freon Refrigerant and Industrial Gases, and Tourism".   But the Defendants agreed in disguise to confiscated plaintiff's businesses Papers.

**9.**   The Defendants conducts and constitutional omissions and unconstitutional misconducts stated in complaint against All the Defendants has been an ongoing breaches which were called to the Defendants attentions whereby the defendants agreed in overt in disguise under color of state law to recklessly disregarded this plaintiff and further subjected and cause this plaintiff accumulated bodily and irreparable bodily harm and businesses damages; by encouraging Police Officers and Correctional Officers and Hard Core criminals to murder this Plaintiff in the defendants attempt to denied this plaintiff insurance and benefits claims; via false arrests, searches, seizure, malicious prosecution derived from false police reports, false and contrived statements and perjured and fabricated testimonies.

**10.**   The most recent recurrence of the Defendants omissions was discovered on about July 8, 2016; whereby, New York State Courts Officers and Federal Courts Officers within the Eastern, Southern, Northern and Western Districts of New York illegally and unconstitutionally participated to deprived and denied this plaintiff access to Courthouses upon the identification of plaintiff's national origin-Nigeria and because this plaintiff had opposed "Systemic Discriminatory Practices in Private and Public places (Schools, Colleges, Universities, Hospitals, Courthouses, Employment places, Government and Private Housing, and Police Departments Nationwide).

**11.**   Based upon newly discovered evidences on December 19, 2015, also reaffirmed and supported by exhibit "A", having eighty-nine pages enclosed shows the following schemes the defendants jointly put places to denied and deprived this plaintiff Human Rights, Civil Rights, life, liberty, murder schemes:

**Aror Ark O'Diah Complaint**

**12.** Plaintiff initiated mitigation proceeding by filing administrative "Judicial Misconduct Complaint" before the New York Public Integrity Bureau within the Office of the State of New York Attorney General under Hon. Eric T. Schneiderman but Governor Andrew Cuomo,  Hon. Randall Eng, Hon. Dennis Jacobs, Hon. Sandra J. Feuerstein, Hon. Jonathan Lippman,   and Catherine O'Hagan Wolfe, unduly and improperly used their official positions to obstruct the complaint proceedings without substantive due process to cover-up to silence the truth in reckless disregard for the truth and for plaintiff Lives as shown by the acknowledgement  receipt dated 1/26/2015 of " Judicial Misconduct Complaint" #15-00931, **Defendants jointly  relied on controverted sanction.  Exhibit "A", at page 1.**

**13.** Plaintiff initiated additional mitigation proceeding by filing administrative "Judicial Misconduct Complaint" before U.S. Department of Justice Division of Civil Right while the defendants jointly intensified and continue to subjected this plaintiff to threats of irreparable harm by encouraging Police, Correctional Officers, Parole Officers and Private and Public to harm this Plaintiff but the United States of America via Senator Charles E. Schumer obstructed the U.S. Department of Justice Division of Civil Right based upon newly discovered evidences on December 19, 2015 on the fact that Governor Andrew Cuomo and Hon. Sandra J. Feuerstein, and Hon. Jonathan Lippman and Hon. Randall Eng retaliatory and discriminatory practices targeted this plaintiff at their encouragement  as shown by the acknowledgement receipt dated 2/23/2015 "Judicial Misconduct Complaint" #2981658, **The sanction Order issued by Judge Sandra J. Feuerstein is unconstitutional since the sanction Orders were issued via deliberate misrepresentation to cover-up extrajudicial lawlessness.  See Exhibit"A", at pages 2**

6

**Aror Ark O'Diah Complaint**

**14.** Plaintiff filed Mitigation Administrative Complaint before the United States Postal Service

Consumer & Industry Contact after Plaintiff discovered the U.S. Postal Service Employees were

confiscating and destroying and refused to deliver plaintiff's Legal and Business mails but no adequate

corrective major was implemented as shown by the Acknowledgement receipt dated 2/12/2015

based on Plaintiff's Complaint about undelivered letters and confiscated Business and Legal Mail;

Plaintiff and Plaintiff's Businesses suffered losses due to undelivered mails as plaintiff Complaint mailed

to State and Federal Courts within the Eastern, Southern, Northern and Western Districts of New York

were not delivered and Private Process Server was unable to timely served Court issued Summons  and

Matter were dismissed for failure to timely serve Summons and Complaint within Six Months while the

U.S. Post Service deliberately withheld plaintiff's Complaint and Summon without reasonable basis in

law and fact. **Exhibit  "A", at pages 3. Plaintiff and Businesses suffered estimated $62 Billion loss.**

**15.** The United States Department of Health and Human Services, and Nassau County, and the

State of New York Department of State Division of Taxation and Finance, and the State of New York

Department of Motor Vehicles and the United States of America via its Agents and Departments

deliberately misrepresented this Plaintiff to Sears Roebuck & Company that plaintiff owe the State of

New York child Support Collection Arears; and that plaintiff opposed discriminatory practices and told

Sears that plaintiff was a trouble makers and based on these false statement made encouraged and

induced Sears to encouraged his employee Mr. Melo to assaulted and caused plaintiff fractured Right

Cheek, Fractured Tibia, Fractured Knee, and Broken Right Toe Bone but State of New York Workers'

Compensation Appeals Board Panels Decision and Memorandum  were rendered and affirmed by

judgments in favor of this plaintiff for lost wages, pain and suffering and medical Bills and past, present

and future medical compensation and payment on 10/06/2005 but Sears failed to complied and State of

**7.**

**Aror Ark O'Diah Complaint**

New York and Workers' Compensation Services and Board refused to enforced their judgment by encouraging Sears to withhold payment without rational basis because plaintiff filed Complaint Relevance to Sears Roebuck & Company, and Liberty Mutual Group in Courts. **Exhibit "A", at pages 4-5. Sears and State of New York Workers' Compensation Service, Board and Liberty Group owe plaintiff $4,000.00 multiply by 12-months multiply by 15-years total owe to plaintiff is $7,000,000.00.**

16. New York State Department of Motor Vehicles Commissioner, on about 05/05/2006 issued NOTICE OF RESTORATION" of Plaintiff's Driver's License on Order Number A0604060000 on case No. 06-03056 while the State of New York encouraged Port Authority Police Officer Thomas Eddings to subjected this plaintiff to unlawful arrest and caused plaintiff aggravated bodily injuries for operating Motor Vehicles with suspended Drivers' License. The State of New York Department of Motor Vehicles Commissioners knowingly and continue to deliberately misrepresented this plaintiff to the General Public that Plaintiff owe the State of New York Child Support Collection Arears but plaintiff was operating Motor Vehicle with RESTORATION ORDER issued by the Department of Motor Vehicles and Plaintiff did not owe the State of New York Child Support Collection Arrears. Plaintiff was a victim of false arrests, detention, illegal indictment, injuries and false imprisonment and denied substantive due process. **Exhibit "A", at pages 6. Plaintiff suffered as he was exposed to radioactive chemical reagent and suffered severe bodily burns and plaintiff was repeatedly subjected to head blow and causing plaintiff periodic recurring dizziness, head pains, and plaintiff businesses and Four Vehicles were arbitrarily seized without due process. Plaintiff estimated losses amounted to $30 Billion U.S. Dollars. The untreated bodily burnt affected plaintiff's skin and caused daily recurring pain.**

17. Nassau County Family Court Order Granted dismissal of false Child Support Collection Arrears 9/20/2000 but order.entered on 9/25/2000 and final judgment entered 6/11/2001; yet, Nassau

8

**Aror Ark O'Diah Complaint**

County and the State of New York and the United States of America via its Agents and Department continue to deliberately misrepresented this Plaintiff to New York City Police Officer and Police Departments  and to Port Authority of New York and New Jersey Police Officers  and to Nassau County Police Officers to cause this Plaintiff multiple false arrests, searches, seizures of properties and businesses  and subjected to Police brutality without substantive due process. Plaintiff prior injuries were aggravated and resulted to temporary disability. **$1 Billion lost.  Exhibit "A", at pages 7-8.**

**18.** The United States Court of Appeals for Second Circuit Order filed January 07, 2010 Vacated District Court Dismissal Order issued by Judge Sandra J. Feuerstein; yet, Justice Randall Eng, and Justice Cooperman and New York State Courts Systems and Federal Courts within the Eastern, Southern, Northern and Western District of New York continue to improperly and unconstitutionally denied and deprived Plaintiff access to attend Courts to testify truthful without substantive due process upon the identification of plaintiff's national origin-Nigeria. **Exhibit "A", at pages 9.  Sanction controverted.**

**19.** The United States Court of Appeals for the Second Circuit Order filed December 16, 2010 vacated unconstitutional and controverted Sanction order issued by Judge Sandra J. Feuerstein but New York State Courts Systems and Federal Courts in the State of New York continue to enforce unconstitutional sanctions already vacated to denied plaintiff constitutional right to access to attend Courts to testify truthfully. The  enforcement of the unconstitutional sanction order were used to procured false arrests, illegal indictments, malicious prosecution and false imprisonments. **Exhibit "A", at pages 10-11. The Sanction Order issued by Judge Sandra J. Feuerstein is unconstitutional.**

**20.** The unconstitutional sanction issued by Judge Sandra J. Feuerstein vacated by the United States Court of Appeals for the Second Circuit was retaliatory and discriminatory used to dismiss plaintiff's complaint without substantive due process according to the Notice issued by U.S. Department

9

**Aror Ark O'Diah Complaint**

of Justice on Enforcement of unconstitutional sanction on 8/5/2014 and 9/5/2014. **Exhibit "A", at pages 12-13.**

**21.** The United States Department of Education denied this plaintiff financial aid upon the identification of plaintiff's national origin after identifying that plaintiff had opposed systemic discriminatory practices nationwide in Schools, Colleges and Universities, and plaintiff attempt to seek administrative remedies but plaintiff was denied substantive due process via systematic hindrance as shown by their response dated October 07, 2014. **Exhibit "A", at pages 14-15.**

**22.** The State of New York Executive Department Office of Victim Services dated 10/10/2014 continue to refused to process Plaintiff's claims by relying on unconstitutional sanction improperly imposed by Judge Sandra J. Feuerstein in their attempt to denied and deprive Plaintiff's right to his properties which includes **$5,000.00 multiply by 12-months and multiply by 14-years to a total of $8,400,000.00 owe to plaintiff**. But Ms Elizabeth Cronin, Director, and  Eamonn Trainor, Senior Attorney and Karen Senez, Crime Victim Specialist jointly removed plaintiff's medical records and Police reports from claim files via concealed systemic discriminatory practiced to delay processing of this Plaintiff claim. **Exhibit "A",16-17.   For seven years period plaintiff was repeatedly burned while in prison.**

**23.** The State of New York Executive Department Crime Victim Board completed their investigation and Finding 6/20/2005 but continue to fail to process and pay Plaintiff's claim based upon the identification of Plaintiff's national origin. **Exhibit"A", at pages 18. Owe plaintiff $8,400,000.00.**

**24.** Nassau County Police Department unlawfully and via systemic discriminatory practices withheld and refused to release arrest report involving unlawful arrests and police brutality injuries until June 10, 2014. But delay to release police report were by design to denied this Plaintiff substantive due process at State Workers Compensation Services and Board and at Crime Victim Service and Board; and

**Aror Ark O'Diah Complaint**

the delay cause plaintiff prolong medical treatment and recovery and pain and suffering. **Exhibit "A", at pages 19-21.  The Defendants systemic retaliatory and discriminatory practices never stop.**

**25.** Suffolk County Police Department assault and harassment relevance to injuries caused by Sears Roebuck and Company employee Mr. Melo at the encouragement of United States Department of Health and Human Services and State of New York Department of State Division of Taxation and Finance, and Department of Motor Vehicles report released July 01, 2014. But the delay was by designed to denied Plaintiff substantive due process at State and Federal Courts proceedings to denied and deprives plaintiff's constitutional rights to properties and claims. **Exhibit "A", at pages 22-26.**

**26.** Garden City Police Department Assault and Robbery and injury Reports were released on July 01, 2014. But the delay to release police reports were by designed to protect Nassau County, and Robbers who caused plaintiff aggravated bodily harm in reckless disregard to plaintiff's right at the Crime Victim Services and Board and at the Workers' Compensation Service and Board via joint systemic discriminatory practices upon their identification of Plaintiff's national origin. **Exhibit "A", at pages 27-32.  The Defendants has jointly communicated with public and private person to assault plaintiff.**

**27.** Port Authority of New York and New Jersey Legal Department letter dated March 13, 2015 was another  evidence and acknowledgement to the fact that civil  matter dismissed for failure to serve Court issued Summons and Plaintiff's Complaint at United States District Court for the Eastern District Court of New York  illegally withheld by the United States Postal Service at the encouragement of Governor Andrew M. Cuomo, City of New York Comptroller and New York State Attorney General via unconstitutional policies they put in places to censor plaintiff's mails in their joint concealed attempt to denied this plaintiff rights and substantive due process. **Exhibit "A", at page 33, and Grant Affidavit .**

11

**Aror Ark O'Diah Complaint**

**28.** Port Authority of New York and New Jersey letter Granted Plaintiff Access to Airport dated July 30, 2002. But Port Authority of New York Commissioner and Police Officers Thomas Eddings, Festa, George Juez, Brian Murphy, Federico, Schwartz, Laurent Ponsolle, Detentive Delton, and New York City Police Officer Daragjati, and Nassau County Police Officer Anthony Zurick were encouraged to subjected this plaintiff to unlawful arrest, searches, seizures of Four Vehicles worth $200,000.00, $40,000.00 cash, Jewelry worth $75,000.00, Merchandise worth $500,000.00, Private Businesses worth $36,000,000.00 and used to procured illegal indictments, malicious prosecutions, false imprisonment and irreparable aggravated bodily injuries on their false assertions that plaintiff was not granted Authorization to conduct private businesses at the JFK International Airport and La Guardia International Airport. **Exhibit "A", at pages 34. Plaintiff's Business were Uber, and Lyft Rival in competition.**

**29.** Port Authority Police Internal Affairs Bureau reports about unlawful arrest and false charges dated 11/06/2002, 11/26/2002, 5/8/2005, 4/28/2006, 2/21/2006, 2/25/2006, 6/22/2006, 3/7/06, 9/26/06,2/27/06, 3/8/06 were carried out by use of unconstitutional sanctions improperly imposed to encouraged the police nationwide to targeted, taunted and singled out this plaintiff in retaliatory and discriminatory practices after this plaintiff had opposed systemic discriminatory practices in Schools, Colleges, Universities, Hospitals, Police Departments, employment places, Courthouses, admissions protocols and Queens County District Attorney Hon. Richard Brown refusal to release Video Footages and Sears Roebuck & Company assaults reports and Plaintiff's properties unlawfully seized. **Exhibit "A", at pages 35-38. Judge Sandra J. Feuerstein misused her judicial power to encourage the police via intimidation injured plaintiff to coerced plaintiff to drop his civil rights lawsuit without any provocation but on the false assertions alleged that plaintiff was a pain to Judges and Lawyers.**

12

**Aror Ark O'Diah Complaint**

**30.** New York State Department of Motor Vehicles Police Accident Report issued by New York City Police Officer on September 19, 2002 due to Motor Vehicle accident damages and injuries caused by Hertz Corporation Rent A Car was fabricated by New York City Police Officer deviated from the truth to shield Hertz Corporation Rent A Car upon the identification of Plaintiff's national origin and after Judge Sandra J. Feuerstein had encouraged the police to murder this plaintiff with the promise that there will be no arrest, charges nor prosecution, and further encouraged the police to file false assault police reports in reckless disregard for the truth and for Plaintiff Lives. **Exhibit "A", at pages 39.**

**31.** Hertz Claim Management letter dated 11/7/02 Accident reported on September 19, 2002. Plaintiff suffer aggravated head pains and continue to be subjected to periodic recurring disability, and the accident caused by Hertz Corporation Rent A Car contributed to this plaintiff recurring disability from head pain and dizziness.  Hertz Corporation Rent A Car owe this plaintiff **$2,032.81 multiply by 12-months and multiply by 15-years  to the total owe to plaintiff $365,905.8 and additional $1 Billion U.S. Dollar punitive damages for direct participation in murder schemes. Exhibit "A", at pages 40**

**32.** Hereford Insurance Company letter dated December 3, 2005, relevance to Accident caused by Defendant Jerry Makulik  a/k/a  Jerry Olik Mark on 11/09/2005. These defendants knowingly and recklessly hits this plaintiffs with Motor Vehicle with malicious intent to murder or cause this plaintiff irreparable harm at the encouragement of Queens County District Attorney, and Justice Randall Eng, and Justice Cooperman and Judge Sandra J. Feuerstein in retaliation for plaintiff had opposed systemic discriminatory practices inside Courthouses and filed Judicial Misconduct Complaint.  This plaintiff has been subjected to periodic recurring accumulated pains and causing suffering and disability and the pains as a result of the contributory reckless negligence of these defendants.  The defendants

13

**Aror Ark O'Diah Complaint**

owe this plaintiff for medical and pain and suffering and loss of wages and business damages in the

amount of $2,312.74 multiply by 12-months and subtotal multiply by 10-years to a total of $277,528.80

and punitive damages for participating in murder scheme $1 Billion U.S. Dollars. **Exhibit "A", at pages**

**41. The Defendants jointly in overt encouraged the Police to file false assault charges.**

**33.** State of New York-Department of Correction and Community Supervision Medical Permit

Pass Issued on 12/2/2013 relevance to bodily injury on November 25, 2013 and November 26, 2013 slip

and fall at New York States Marcy Correctional Facility where plaintiff was forced to go to the

Defendants Draft Office while heavy snow was falling and plaintiff sprain and aggravated his lower and

upper back, knee and Tibia and right Toe, and contributed to plaintiff periodic recurring disability to this

present date. **Exhibit "A", at pages 42.  The issues and claim against the Defendants is ongoing.**

**34.** State of New York Department of Corrections and Community Supervision certificate of

release To Post-Release Supervision dated 12/27/2013 via illegal indictment procured via fraud by use of

false Police Officers George Juez and Brian Murphy whereby false instruments were used to procured

indictments, malicious prosecution, unjust conviction and false imprisonment by use of unconstitutional

sanction without substantive due process but controverted by plaintiff. **Exhibit "A", at pages 43-44.**

**35.** State of New York-Department of Correctional Services Involuntary Protective Custody

Recommendation due to threat of irreparable harm-Murder threats while plaintiff illegally held in State

Custody on 3/12/2010 whereby, Lt. A. Mawhir, C.O. Ramsay, C.O. D. Everts, C.O.J. Hessell, C.O. T. Power,

C.O.K. Thomas, SGT. Carter, SGT. Kerr, C.O. J. Hahns, C.O.J. Pepin, C.O. R. Hahns, C.O. Beauriano, C.O.

Shiel, Lt. Shaw, DSS Eckert, Capt. Yehl, Capt. Hollander, C.O. Atkins, C.O. Vanson, C.O. Konkle,Sr., C.O.

Piazza, SGT. Korbar, C.O. Kranz, C.O. Millich, C.O. Fitzak, C.O. Bovee, C.O. McMillian, and C.O. Geiger

were encouraged by Governor Andrew Cuomo, Judge Sandra J. Feuerstein, Queens County District

**Aror Ark O'Diah Complaint**

Attorney Richard Brown, Former New York Correctional Commissioner Fischer and acting Commissioner

Anthony J, Annucci, Nassau County District Attorney Kathleen Rice via their unconstitutional policies

they put in places to targeted, taunted and single out this plaintiff in retaliatory and discriminatory

practices. This plaintiff was fed with poisonous food and was also given wrong medication which

subjected this plaintiff to side effect and internal bleeding and severe and excruciating pain that almost

paralyzed this plaintiff right eye by Dr. Bangsil, MD., Dr. Buttarazzi, MD., Dr. Deperio, MD., Dr. Jesus

Floresca, MD., and Dr. Crooks, MD; via medically deliberate indifference treatment.  As a result of the

threats, plaintiff was moved from prison to prisons and subjected plaintiff to cruel and unusual

punishment confinement for about 7-years without substantive due process. **Exhibit "A", at pages 45.**

**Plaintiff suffered physical bodily burnt repeatedly while being knowingly exposed to radioactive**

**chemical reagents and substances which ignite fire and plaintiff was inflame in fire and suffer burns.**

**36.** New York State Office of Temporary and Disability Assistance Decision dated July 2, 2014

awarding claim in favor of this plaintiff but disability was not paid. This defendant  owe this plaintiff

unpaid disability benefit retroactively from June 29, 2000 to present in the amount of $1,500.00 per

month multiply by 12-months and subtotal multiply by 15-years total $270,000.00. **Exhibit "A", at pages**

**46-47.**

**37.** Physician Complete Medical Evaluation relevance to accumulated injuries and untreated

condition Dated issued 01/16/2014 by Dr. Sundaraya Chandrasekaran, MD. This medical finding

confirmed temporary and periodic recurring disability and rehabilitation were recommended based on

the medical finding head injuries, spinal stenosis, fractured knee, fractured cheek, semi-paralyzed right

eye, fractured Tibia, Fractured Toe, inability to walk and climb stairs step, and exposure to radioactive

chemical reagent substances that burned whole body causing severe and excruciating whole body and

15

**Aror Ark O'Diah Complaint**

back pains. **Exhibit "A", at pages 48-50. Plaintiff believes that he was treated differently from others in the same or similar situation.   Judge Sandra J. Feuerstein misused her judicial position.**

**38.** Kings County Hospital Center, 31 July 2014 Medical evaluation and treatment reports dated July 31, 2014, July 29, 2014April 5, 2014April 11, 2014, March 17, 2014 by Dr. Madhavi  Kolla, MD. As a result of exposure to radioactive chemical reagent substance, and plaintiff inhaled these chemical particles, and multiple blows in the head, and falls,  cause this plaintiff  aggravated back pains, numbness, spinal stenosis, fractured tibia, right leg deformity, right Toe broken bones,  and medically deliberate indifference treatment for failure to treat via wrong diagnosis resulted to improper healing creating early degenerative disc diseases with severe and excruciating pains and suffering. **Exhibit"A", at pages 51-57. This plaintiff was unconstitutionally kidnapped into state prison with calculated murder scheme put in places without substantive due process at defendants direct participation.**

**39.** Queens Hospital Center 10/14/2014-10/17/2014 medical evaluation and treatment reported by Dr. Nagalli, Shivaraj, MD.  Plaintiff was exposed to radioactive chemical and the inhale of these chemical resulted to shortness of breath, and acute bronchitis and Arthralgia of temporomandibular from fractured cheek. Plaintiff has difficulties in chewing and swallowing food accompanied with severe and excruciating periodic recurring pains. **Exhibit "A", at pages 58.**

**40.** United States Department of State National Passport Center letter dated February 10, 2006, June 6, 2006, and August 31, 2006, denied renewal of Plaintiff's U.S. Passport based on false and deliberate Misrepresentation via discriminatory and retaliatory practices whereby,  the State of New York Departments of States  Divisions of Taxation and Finance and Motor Vehicles, and The United States Department of Health and Human Services knowingly and maliciously via systemic discriminatory and retaliatory practices callously informed the United States Department of State that Plaintiff owe the

**16**

**Aror Ark O'Diah Complaint**

State of New York Child Support Collection Arrears which was false and untrue without substantive due

process, and based on these false and defamatory information plaintiff was denied his constitutional

rights to renew his U.S. Passport and causing this plaintiff inability to travel and conduct his private

businesses. Plaintiff incurred estimated $132,000,000,000.00 losses. **Exhibit  "A", at pages 59-64.**

**41**. New York State Department of Taxation and Finance letter dated 10/5/2006 seizure of

Plaintiff's Properties including $40,000.00 cash, and $75,000.00 worth of Jewelry, and Four Motor

Vehicles worth $200,000.00, and Merchandise worth $500,000.00, and $36,000,000.00 Businesses

Documents and Businesses projects, Tourism Customers agreements, and Six Businesses Plants designs

projects without substantive due process via fraud, and deliberate misrepresentation, on their false

assertion that plaintiff owe the State of New York child Support Collection arrears but the claims was

dismissed in plaintiff's favor on June 11, 2001 by Nassau County family Courts.  Plaintiff continued to

demand for his properties but these defendants continue to recklessly disregard this plaintiff's

constitutional rights to his properties. **Exhibit "A", at pages 65. I have been robbed by defendants.**

**42.** Queens County District Attorney opposition to Plaintiff motion demand for the release of

properties At the Supreme Court of the State of New York on July 11, 2006 unlawful seizure. Port

Authority Police Officer Thomas Eddings testified that he released Plaintiff's Motor Vehicles to Plaintiff's

Son, Ese A. O'Diah, which turned to be perjured testimonies under Oath. **Exhibit "A", pages 66-68.**

**43.** New York State Supreme Court at Queens County, Part TAP D Justice Cooperman Sentence &

Commitment Judgment controverted dated 3/19/07 without substantive due process but

via deliberate representation and false representation by use of unconstitutional sanction; whereby,

false Port Authority of New York  and New Jersey Police Officer Brian Murphy was encouraged by Justice

Cooperman, Justice Randall Eng, Judge Sandra J. Feuerstein and Port Authority Commissioner to lie

**Aror Ark O'Diah Complaint**

under oath via fabricated testimonies but newly discovered evidence show that Port Authority Police

Officers Brian Murphy and George Juez were false witnesses the State of New York placed in evidenced

and uses both of them to procured illegal indictments in indictments number 3719/02, and number

1806/06, at Queens County Supreme Court by Queens County District Attorney Richard Brown who was

acting in collusion with Judge Sandra J. Feuerstein,  Judge Dennis Jacobs, Judge Cooperman, Hertz

Corporation Rent A Car, Hereford Insurance Company, LT Wheels, Beckman Coulter Inc., Usman Pasha,

Sears Roebuck & Company, United States Department of Health and Human Services, New York

Department of Motor Vehicles , New York Executive Department Crime Victim Services, and New York

Department of Temporary  Disability and Assistance  under  Governor Andrew Cuomo watch, in their

attempt to denied payment of insurance claims and disability benefits. **Exhibit "A", at pages 69.**

**44.** State of New York –Department of Correctional Services unlawful seizure of plaintiff's

properties but Administrative Claim filed were denied on October 02, 2013 and November 22, 2013

without substantive due process. Properties seized worth over $67 Billion. **Exhibit "A", pages 70-72.**

**45.** State of New York Court of Appeals letter dated April 1, 2015 controverted Queens County

District Attorney opposition to CPL 440.10 Motion Dated July 22, 2014, and also contradicted New York

Appellate Division, Second Department letter and decisions relevance to Notice dated March 24, 2015

and January 07, 2015, whereby, plaintiff was arbitrarily denied substantive due process, denied right to

appeals by Justice Randall Eng and Chief Judge Jonathan Lippman via cover-up to silence the truth in

reckless disregard to plaintiff upon plaintiff national origin. Exhibit **"A", at pages 73-76.**

**46.** On September 01, 2015, newly discovered evidences revealed and shows the Defendant

Agents participation via vast joint breaches of fiduciary duties to pay past-due money via deliberate

indifference practices; whereby, New York City Police Department, Nassau County Police Department,

New York State Department of Correction and Community Supervision,  United States Postal Service,

United States Internal Revenue Service, Pennsylvania Higher Education Assistance Agency, United States

Department of Education, United States Department of Health and Human Services  and the City

University of New York, were informed via callous and malicious disparaging disparity indifference

treatment under color of State law upon the identification of Plaintiff's national origin via deliberate

misrepresentation and falsely alleged that plaintiff owe the State of New York Child Support Collection

Arrears, and these defendants were further encouraged to arrest, search, seize plaintiff and properties

and businesses, beat and injured plaintiff, denied plaintiff Education Financial Assistances, and

fabricated false assault charges against plaintiff which were used to kidnapped plaintiff into New York

State Prison by L. Bishop, New York Tax Compliance Agent at the New York State Department of State

Division of Taxation and Finance, Supreme Court of the State of New York at Queens County and Queens

County District Attorney Hon. Richard Brown, sanctioned under the Watch of Governor Andrew M.

Cuomo, via deliberate indifference, and New York State Supreme Court Appellate Division for the

Second, Third and Fourth Departments under Presiding Judge Randall Eng, via unconstitutional

encouragement to denied plaintiff access to Courts under unwritten agreement  between the New York

State Attorney General Hon. Eric T. Schneiderman, Senator Charles Schumer, Hon. Jonathan Lippman,

and guided by Judge Sandra J. Feuerstein to direct the United States District Court for the Eastern,

Southern, Northern and Western Districts of New York to denied plaintiff access to file any papers nor

testify in these Courts, and further directed the American Medical College Application Service, and

Association of American Medical Colleges, and Medical College Admission Test Administrators to denied

plaintiff's applications to Medical Schools, and Law Schools; and unduly influenced the United States

Department of Education and the City University of New York and Pennsylvania Higher Education

**19**

**Aror Ark O'Diah Complaint**

Assistance Agency to denied this plaintiff Financial aid and benefits; whereby Andrea Evan's, Chief

Executive Officer of the State of New York Division of Parole and Nassau County Department of Health

and Human Services and New York City Human Resources put in places unconstitutional policies to

targeted plaintiff and used to encouraged Parole Officer T. Grissom to contrived false charges against

plaintiff; by falsely alleged that plaintiff has alcoholic problems but plaintiff does not drink alcohols, and

further fabricated another false charges that plaintiff has anger problem but there was no evidence to

support these false charges but only to discovered that the defendants were seeking another contrived

and fabricated false charges in their systematic attempt to remand this plaintiff to prison.  Multiple tests

were conducted on plaintiff by the State of New York Specialist and there were no evidence and no

proof to support these false allegations about alcoholic and anger malicious false charges made against

this plaintiff.  Plaintiff was forced to participate in anger management causes without plaintiff's consent.

But newly discovered evidence shows that all these defendants were jointly attempted to discredit this

plaintiff reputation and good name.  **Exhibit"A", at page 1 to pages 89, submitted .**

    **47.** Plaintiff filed Grievances on "Judicial Misconduct Complaint" seeking for Administrative

Remedies before State of New York Public Official before Senator Schumer, Hon. Thomas A. Klonic,

Commissioner Brian Fischer, Acting Commissioner Anthony Annucci, Roy L. Reardon, Manuel A. Romero,

Patrick T. Burke, Dale Artus, Superintendent, James Edward Pelser, Chief Clerk, A. Gail Prudenti,

Presiding Judge, Lt. Urban, Deputy Superintendent Kickbush, Governor Andrew Cuomo, Joan A. Cusack,

Office of New York Attorney General Division of Ethics and Integrity Bureau, about Judge Sandra J.

Feuerstein, Justice Randall, Justice Yvonne Lewis, Justice Griffin, Justice Barry Kron, Justice Cooperman,

Justice Randall Eng, Justice David Sullivan, Chief Judge Jonathan Lippman, Judge Dennis Jacobs and Court

Clerk Catherine O'Hagan Wolfe but these defendants knowingly and recklessly denied this Plaintiff

           **Aror Ark O'Diah Complaint**

substantive due process in their systematic attempt to cover-up to silence the truth in their ongoing

reckless disregard for the truth and for this plaintiff's Lives. **Exhibit "A", at page 1, enclosed.**

**48.** On about September 01, 2015, newly discovered evidences also revealed the fact that the

New York City Police Department, and Nassau County Police Department and Port Authority of New

York and New Jersey Police Department jointly agreed under color of State law to deliberately

misrepresented and falsely represented this Plaintiff to Hewlett-Packard and encouraged Hewlett-

Packard and Employees having Central Control Access to plaintiff's Computer to hacked this plaintiff's

Computer and further assured Hewlett-Packard that there will be no arrests, nor charges nor

Prosecution, nor punishment if Hewlett-Packard hacked this plaintiff's Computer to get information

about this plaintiff's Businesses Files and Businesses Activities and the act amount to breaches of trust.

**49.** On about September 01, 2015, evidences shows that Hewlett-Packard and its Employees re-

programmed plaintiff's Computer without plaintiff consent; whereby, Hewlett-Packard via Hewlett-

Packard Computer Central Control Support System designed an access to read and copied plaintiff's

personal and businesses Files via unconstitutional censorship in direct and maliciously calculated

harassment in ongoing violation of Plaintiff's rights to privacy and breaches of fiduciary duties

**50.** Prior to September 01, 2015, Hewlett-Packard and Hewlett-Packard Employees re-

programmed plaintiff' personal and Business Computer without plaintiff's permission nor knowledge

nor consent; whereby, this plaintiff was forced to buy four Computer Ink Printer Cartridges in series

which must be used and change every time one of the Ink Cartridge become empty.  But while same or

similar Computer can only change each of the Ink Cartridge that became empty. Also, plaintiff only use

Black and Cyan color ink but Hewlett-Packard programmed this plaintiff's Computer; whereby, plaintiff

has been forced to buy Magenta  and Yellow Colors which were never used and must be replaced

whenever the Black and Cyan Color in used were empty; and the omission constituted breaches of trust.

**51.** On September 01, 2015, newly discovered evidences further shows that Hewlett-Packard had knowingly defrauded this plaintiff's money via bad business practices specifically put in places via systemic breaches of trust practiced via deliberate and reckless misrepresentation via false representation to hacked this plaintiff's Computer and stole this plaintiff's businesses Files and personal and businesses Information and further caused  this plaintiff's loss of Businesses Clients which included $3,000,000,000.00 (Three Billion U.S. Dollar) file containing one Hundred Millions Projected Subscribers for Three Books and Three Movies Scripts written by this plaintiff projected for Worldwide distribution after the released from illegal searches and seizures by the State of New York Department of Correction and Community Supervision under Governor Andrew M. Cuomo, Commissioners Brian Fischer and Anthony Annucci, and Superintendents David Unger, Superintendent Moscicki, Superintendent Michael Concoran, Superintendent Scott C. Carlsen, Superintendent Cully and Superintendent Artus, at the New York Department of Correctional Facilities at Cayuga, Wyoming, Greene, Down-State, Marcy, Ulster, Livingston, Orleans, Collins, Gowanda, Attica, Mt. McGregor, Lakeview S.I. Correctional Facility, and Riker's Island City of New York Department of Correction Facilities.

**52.** Plaintiff contacted Senator Charles Schumer to intervene but Senator Charles Schumer refused to see plaintiff and refused to meet with plaintiff after this Senator had acknowledged the facts that he and Governor Andrew M. Cuomo knowingly recommended Judge Sandra J. Feuerstein for Federal Judgeship position to targeted this plaintiff and encouraged Judge Sandra J. Feuerstein to dismiss plaintiff's complaints filed at the Eastern, Southern, Northern and Western Districts of New York and entered unconstitutional sanction in a joint racially motivated vast systemic discriminatory practices to denied and deprived plaintiff's right to his properties via use of unlawful searches and seizures without due process but via enforcement of unconstitutional sanctions whereby plaintiff was denied due process. **Exhibit "A:, at pages 9 to 13.**

**53.** On about December 10, 2015, Hon. Antonin Scalia, knowingly and recklessly asserted via systemic breaches of trust via segregation practices to advocated that "Blacks may do better at 'slower-track' School" but according to the article reports, Justice Antonin Scalia has been known to Have been involved in the practices in reckless disregard to Black People concern by being very  disparaging and recklessly blunt without evidence to support his false assertions; more-so, when this Justice continue to seek to grabbed the spotlight at the degrading and humiliation of people of Color in Schools, Colleges , and Universities  by recklessly advocating racial segregation over College affirmative action program. The disparaging disparity statements and false assertions made by this Supreme Court Justice cause this plaintiff aggravated severe and excruciating headache and pains; since this Justice appears to attempt to resurrect Racial Segregation in Schools, Colleges, Universities, Housing and Association.

**54.** On about  December 27, 2013, evidences available also shows  that when plaintiff was unlawfully held in State of New York Custody without substantive due process but by use of unconstitutional sanction; Defendant Agent via  Sears Roebuck and Company; Hertz Corporation Rent A Car; Usman Pasha, Beckman Coulter Inc., LT Wheels; Hereford Insurance Company;  New York State Department of Crime Victim Services and Board and New York Worker's Compensation Services and Board, and disability; and  Liberty Mutual Group and Liberty Mutual Corporations, jointly agreed in disguise under color of State Laws to unduly influenced New York State Attorney General and New York State Department of Corrections Superintendents at the consent of Governor Andrew M. Cuomo and Judge Sandra J. Feuerstein, to encouraged Hard Core Criminal Inmates and Correctional Officers to attempt to murder this plaintiff  to avoid payment of Insurance and Disability claims but Superintendent DAVID UNGER, at Wyoming Correctional Facility refused to participates under his watch, and for these reasons, plaintiff was moved from prison to prisons for seven years and held in isolated cruel and unusual punishment confinement whereby plaintiff was further exposed to radioactive chemical and

**23**

forced to clean radioactive chemicals and suffered dizziness, and inability to breath and Bronchitis and headaches; and forced to sleep on double Bed Bunk and fell multiple times from double bed Bunks and Re-aggravates accumulated bodily injuries and suffered Spinal Stenosis, Fractured Tibia, Fractured Knee, Fractured Toe Bone, Fractured Cheek, fractured Mandibular Bones, suffered head injuries and head pain; resulting to periodic recurring disability due to periodic recurring dizziness and inability to move knee, and  short of breath and difficulties walking down stair steps. **Appendix "A", at pages 1 to 76.**

**55.** Prior to plaintiff released from the State of New York Custody on December 27, 2013, plaintiff delivered three Draft Bags containing Businesses and Religious and Legal Documents and Three Books and Three Movies Scripts in value worth over $67,000,000,000.00 (Sixty-seven billion U.S. Dollar) to United Parcel Services via the State of New York Correction and Community Supervision and United States Postal Service under the United States of America mailing and package posting policies. But these defendants failed to delivered plaintiff's properties without reasonable basis in law and facts; while the defendants maliciously destroyed plaintiff's properties to deny plaintiff access to evidences needed to establish plaintiff's innocence claims that were pending in State Courts via New York CPL 440.10. **Exhibit "A" at pages numbered 42 to 44 and 70-72 and 75-76 pages.**

**56.** The State of New York used unconstitutional sanction to encouraged the Port Authority of New York and New Jersey Commissioners and Police via deliberate misrepresentation to filed multiple false criminal charges on November 6, 2002, November 26, 2002, May 8, 2005, February 21, 2006, February 25, 2006, APRIL 28, 2006, and June 22, 2006 but four of the cases were dismissed in favor of this plaintiff on September 6, 2007, at the Criminal Court of the City of New York at Queens County.  But on June 22, 2006, this plaintiff was re-arrested on operation of Motor Vehicle with suspended Driver's License while the New York State Department of Motor Vehicles Commissioners had issued and entered an Order by NOTICE OF RESTORATION of this Plaintiff Drivers' License and authorized this plaintiff to

operate Motor Vehicle. **Exhibit "A", at pages numbered 6 enclosed.**

**57.** On July 7, 2005, and March 27, 2007, unconstitutional sanctions put in All Courts in the State of New York and false police Officers George Juez and Brian Murphy and false medical reports obtained via fraud by Port Police Officers George Juez and Brian Murphy, and State Computer Print-out generated via fraud by Prosecutors Michael Whitley and Nicollatti and false and fabricated testimonies by false Port Authority of New York and New Jersey Commissioners policies and Police Officers alleging that plaintiff assaulted them but the facts shows that Six Port Authority of New York and New Jersey Police Officers, and One New York City Police Officer and One Nassau County Police Officers jointly jumped on this plaintiff from this plaintiff behind and caused this plaintiff bodily injuries without any provocation by this plaintiff. Newly discovered evidences shows and revealed the State of New York and the United States of America participation via unconstitutional policies to encouraged Judge Sandra J. Feuerstein to put unconstitutional sanctions in All New York State Courts and United States District Court in the Eastern, Southern, Northern and Western Districts of New York and Police Department to targeted this plaintiff to effect unlawful arrest to denied this plaintiff Insurance and Benefits claims without substantive due process. **Exhibit "A", at pages numbered 9 through pages 12.**

**58.** This plaintiff hired Meir Moza, and Steven Bilkis to represent plaintiff but after plaintiff had spent over $107,000.00 on these Lawyers only to discovered that these Lawyers knew or should have known that they were not going to represent nor provide this plaintiff effective Counsel representation and they denied this plaintiff rights to due process via divided loyalty and conflicts of interest based on their commitment to protect Judge Sandra J. Feuerstein, Justice Randall Eng, Justice Dennis Jacobs, Chief Judge Jonathan Lippman and Justice Cooperman via conflicts of interest put in places to denied this plaintiff equal and meaningful and substantive due process and equal representation and equal protection and right to properties unlawfully seized. These Lawyers promised

to refund to plaintiff his money but the Lawyer has been unduly encouraged by the State of New York in disguise under color of State law to deny this plaintiff's right to money. **Exhibit "A", Pages 1 to 76.**

**59.** Based on  evidences discovered also includes the facts that The State of New York Department of State Division of Taxation and Finance under L. Bishop, Tax Compliance Agent and the New York State Department of Motor Vehicles at the undue influence of the United States Department of Health and Human Services jointly and maliciously and  knowingly and recklessly deliberately misrepresented this plaintiff to the General Public via false representation that plaintiff owe the State of New York Child Support Collection Arrears, and based on these disparaging disparity slanderous statement, plaintiff and plaintiff's Tax Exempt Organizational Church Status under Internal Revenue Service Code 501(c)(3) Schedule "A", for "Timespeed Worldwide Witnesses of the Only True God and His Son Services-Operation Help Africa Develop, Inc.", and United States Passport and New York State Driver's License were revoked, suspended and denied renewal without due process but based on the false information. Plaintiff does not owe the State of New York Child Support Collection Arrears. Plaintiff was denied the right to pursues of happiness, denied Insurance Policy and Claim, denied  Benefits, denied Associations and  expression, and communication, denied ability to raise money to support and combat novel infectious diseases crisis infected Africans, denied free exercise of enterprise, denied movement and liberty and properties; and singled out and treated differently from other people in the same or similar situation and circumstances upon the identification of plaintiff's national origin-Nigeria.

26

**Aror Ark O'Diah Complaint**

**60.** Plaintiff AROR ARK O'DIAH herein relied on the enclosed Affidavit of YONETTE A.

GRANT, and Affidavit  ESE A. O'DIAH, and exhibit "A", and newly discovered evidences and

information gathered and also derived from 'private investigation' from the United States

Postal Service Postal Offices located at St. John's Place in Brooklyn, New York, **see exhibit A(i),**

**enclosed; and mail tracking process, see exhibit  A(ii), enclosed;** and at the United States

Postal Service Post Office Facilities located at Washington DC 20066, **See exhibit "A(ii),**

**enclosed;** and at the United States District Court for the Eastern District of New York, **see the**

**affidavit of  Yonette A. Grant, and of Ese A. O'Diah, both enclosed,**  and all incorporated as

part of statement of facts as if it is pleaded in this paragraph in support of plaintiff complaint

statements of facts as already pleaded, **see exhibit A(iii), A(iv) and A(v) copies of United States**

**Court of Federal Claims Order based on the fact that the United States Postal Service**

**withheld plaintiff's NOTICE OF APPEAL past filing deadline before delivery**; also  based

ongoing fraud, deliberate misrepresentation, and conflict of interest via self-serving, and

retaliatory act amounting to omission by knowingly withheld Plaintiff's legal mails, and failure

to deliver NOTICE OF APPEAL on May 13, 2016, by designed by the United States Postal Service,

to procured dismissal of prior action via deliberate indifference via disparate treatment without

reasonable basis in fact and law but via deceitful practices in violation of fiduciary duties via

retaliation and cold and calculated malicious acts in disguise under color of State Law.

**61.** On about May 11, 2016, THROUGH May 13, 2016, I contacted the "The United States Postal Service" in my diligent effort and sincere attempt to make sure that my NOTICE OF APPEAL in prior action was served and delivered for filing by the Court on May 13, 2016 by the process of mail tracking; and I was informed, and I formed believes from the information made available that the United States Postal Service were encouraged and unduly influence by the Defendant Attorneys of record to targeted my legal mails, religious mails and business mails; and that they were unduly influenced to withheld my legal mails,  including the delivery of my NOTICE OF APPEAL in question in retaliation because I had filed complaint and civil claim against the United States Postal Service in related action, and in other action pending at the United States District Court for the Eastern District of New York; and I was made to understand that many Courts Officers instructed the United States Postal Services to withheld my legal mails past services and filing deadline dates. **See Affidavit of Yonette A. Grant, enclosed.**

**62.** On about May 13, 2016, The United States Postal Service maliciously, recklessly, and knowingly Failed to deliver my NOTICE OF APPEAL to the Courts because the Defendant's Attorney of records unduly influenced the United States Postal Service at the United States Postal Service Facilities in Brooklyn, New York; and at Washington DC to withheld my Legal Mails, including my NOTICE OF APPEAL in prior action passed the services and filing deadline in their fraudulence attempt to procure dismissal via deceitful practices in retaliation because I stated their omissions in prior action and in other action pending at the United States District

28

**Aror Ark O'Diah Complaint**

Court for the Eastern District of New York in their concealed attempt to denied me access to attend Court to testify truthfully, and to further denied me equal protection, USCA Const. Amendment 1, and 14, omitted. **See exhibit A(i) and A(ii), and the affidavit of Yonette A. Grant, and Affidavit of Ese A. O'Diah, enclosed.**

I. **BASIS, GROUNDS AND REASON WHY RELIEF SOUGHT SHOULD BE GRANTED STATED BELOW:**

(a) **Newly Discovered Evidence, F.R.C.P 60(b)(2):** The Defendant and Defendant's Attorneys of records unduly influenced the United States Postal Service to withhold the services and delivery of my legal mails including my NOTICE OF APPEAL on May 13, 2016; and these omissions were sanctioned and endorsed by many Courts Officers in retaliation via malice to deny me access to the Courts because I had filed Civil Right Actions against them. **See the affidavit of Yonette A. Grant; and affidavit of Ese A. O'Diah, and exhibit A, enclosed.**

(b) **Fraud via Deliberate Misrepresentation, F.R.C.P. 60(b)(3):** The Clerks of this Court, and And many other Courts including The United States Postal Service and the Defendant Attorneys of record knew or should have known that on May 13, 2016, they instructed the United States Postal Service in Brooklyn, New York; and in Washington DC to withhold my NOTICE OF APPEAL I delivered to them on May 11, 2016, for mailing; but they withheld the NOTICE OF APPEAL passed delivery and service and filing date in their attempt to procure dismissal of my prior appeal in retaliation because I had filed prior claims and other pending action at the United States District Court for the Eastern District of New York against them. **See affidavits of Yonette A. Grant; and Ese A. O'Diah; and exhibit A(i) and A(ii) enclosed.**

29

**Aror Ark O'Diah Complaint**

**(c)  Defendant Misconduct via Conflict of Interest via Self Serving, F.R.C.P. 60(b)(3)(4)(5):**

The United States Postal Service on May 11, 2016, accepted my NOTICE OF APPEAL from me in

two sealed Envelopes and promised to deliver to the Court and to the Defendant's Attorney of

records; but the United States Postal Service and the Defendant Attorney of records and Courts

Officers at the United States District Court for the Eastern, Southern, Northern, and Western

Districts of New York whom I had named in my Civil Right Action pending at the United States

District Court for the Eastern District of New York, and joined by United States Courts Officers in

Washington DC, knew or should have known that I filed prior claim and appeal deadline was

May 13, 2016; and they knew and should have known that they has no defense against my

claims against them; and they knew and should have known that the only chance they has

includes their own  self-serving via conflict of interest; whereby, they agreed in disguise via

unconstitutional collusion via extrajudicial conspiracies via deceitful practices to accept my

NOTICE OF APPEAL on May 11, 2016, and lured me to believe that my NOTICE OF APPEAL will

be delivered to the Court on May 13, 2016; and they knew that my deadline to file NOTICE OF

APPEAL was May 13, 2016; and they knowingly via cold and calculated via malice in breaches of

fiduciary duties refused to deliver my NOTICE OF APPEAL on May 13, 2016; because the Courts

and Courts Clerk unduly encouraged and sanctioned these lawlessness practice to punish me

for my exercising my First and Fourteenth Amendments right to file Civil Right Action against

them; and they withheld my NOTICE OF APPEAL; and by their fraudulence act; they violated

USCA Const. Amendments 1, and 14, to the United States Constitution. **See the Affidavit of**

**Yonette A. Grant; and the Affidavit of Ese A. O'Diah; and exhibit A(i) and (A(ii), enclosed.**

## II.     BASIS, GROUNDS AND REASONS WHY RELIEFS SOUGHT SHOULD BE GRANTED STATED BELOW:

**(THERE EXIST ONGOING VAST JOINT BREACHES OF TRUST VIA DEPRIVATION OF PROPERTIES RIGHTS AND FAILURE TO PREVENT VIOLATION UNDER U.S.C.A. CONST. AMENDMENTS 1,4,5,6, 7, 8, AND 14, TO U.S. CONSTITUTION AND TITLE 42 U.S.C. SECTIONS 1983,1985 AND 1986.)**

The foregoing paragraphs are re-alleged and incorporated all allegations on paragraphs on page numbered# 1 through this page numbered #31 by reference herein.  Subject Matter Jurisdiction exist invoked this Court Original and concurrent jurisdiction pursuant to 28 U.S.C. Sections 1491.

The Defendant's conduct as alleged at length herein constitutes vast and widespread joint breaches of trust via deprivation to pay of past-due money invoking this Honorable Court Jurisdiction under 28 U.S.C. Sections 1491) and 28 U.S.C. Sections 1295(a)(2)(3 ) in violations of and invoked Rights protected under U.S.C.A. Const. Amendments 1, 4, 5, 6, 7, 8, and 14 to the United States Constitution, and Title 42 U.S.C. Sections 1983, 1985 and 1986 failure to prevent calculated  breaches of trust.

The Defendant via its Agents, Departments, Officers and Representatives jointly and separately owe this plaintiff Insurance Claims and Disability benefits and Education Assistance and proper processing of College admission applications under the rules of law and order and fiduciary duties; instead, these Defendants jointly agreed in overt in disguise under color of State Law and subjected this plaintiff to indifferent treatment.  See Johnson v. Duff,  588 F.2d 740, 743 (9th Cir.1978):

**"A person subjected another person to deprivation of rights within the meaning of Sections 1983, and U.S.C.A. Const. Amendments 1,4,5,6,7,8, and 14, if he or she does an affirmative acts, or participates in another acts or omit to perform an act which he or she is legally required to do that causes the deprivation of which complaint is made".**

Here complaint for failure to pay insurance claims, and denied substantive due process; and used

Aror Ark O'Diah Complaint

deliberate misrepresentation via false representation to kidnapped plaintiff into state prison to cover-up

to silenced the truth and to further defame  this plaintiff's good name and failed to pay past-due money.

## III.    BASIS, GROUNDS AND REASONS WHY RELIEFS SOUGHT SHOUKD BE GRANTED STATED BELOW:

**(THERE EXIST ONGOING VAST JOINT BREACHES OF FIDUCIARY DUTIES VIA ATTEMPTED MURDER SCHEMES VIA ONGOING FAILURE TO PAY PAST DUE MONEY VIA DELIBERATE MISREPRESENTATION IN FRAUDULENCE CONCEALMENT TO CONFISCATED MY MONEY AND PROPERTIES VIA UNCONSTITUTIONAL SEARCHES AND SEIZURES, AND UNJUST CONVICTIONS, AND FALSE IMPRISONMENTS TO DENIED PAYMENT OF INSURANCE CLAIMS AND FAILURE TO PREVENT VIOLATION UNDER U.S.C.A. CONST AMENDMENTS 1, 4, 5, 6, 7, 8, AND 14 TO U.S. CONSTITUTION AND TITLE 42 U.S.C. SECTION 1983, 1985 AND 1986, AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964)**

The foregoing paragraphs are re-alleged and incorporated all allegations on paragraphs

on page numbered #1 through this page #32 by reference herein.

The Defendant's joint conducts as alleged above constitutes vast and widespread joint

malicious acts for failure to pay past past-due money owe to this plaintiff as a patterns of omission to

misrepresent plaintiff via false representation to denied and deprived plaintiff restitution to pay past-

due money by discrediting this plaintiff in the Defendant joint concealed attempt to murder this plaintiff

by encouraging Law Enforcement Agents and Police and Correctional Officers and Hard Core Inmate in

State and Federal Levels to murder this plaintiff; by first kidnapped this plaintiff into State Prison

without substantive due process to denied payment of Insurance Claims and denied State and Federal

Disability Benefits because plaintiff demanded for timely payment of money owe to this plaintiff; more-

so,  after  the Defendants jointly promised Law Enforcement Agents, and Police, and Hard Core Criminal

Inmates and Correctional Officers and Private Persons that they will not be arrested, prosecuted nor

punish if plaintiff was murdered. The Defendant's Agents jointly participated to practice and hide their

own malicious act of breaches of fiduciary duties in reckless disregard for the truth and in furtherance

their reckless disregard for this plaintiff's Lives.

**Aror Ark O'Diah Complaint**

See Pena v. Deprisco, C.A.2(N.Y.) 2005, 432 F.3d; Plaintiff believes and alleges that:

"when State Officials implicitly or explicitly communicated to a private or
Public persons that he or she will not be arrested, punished or otherwise
interfered with while engaging in misconduct that is likely to endangered
the life, liberty, or property of other, those Officials can and should be held
accountable and liable under Sections 1983, 1985, and 1986, and under
U.S.C.A. Const. Amendments 1, 4, 5, 6, 7, 8, and 14 to the United States
Constitution for injury caused by the misconduct for violation of substantive
due process rights".

**JURISDICTIONAL HISTORY OF UNITED STATES COURT OF COURT FEDERAL CLAIMS:**

"When the United States Court of Appeals for the Federal Circuit was created
In 1982, Congress intended for it to exercise exclusive appellate jurisdiction
Over nontax Tucker Act claim in order "to provide reasonably quick and
Definitive answers to legal questions of Nationwide specifically, 28 U.S.C.
Sections 1295(a)(3) grants jurisdiction to Federal Circuit over all appeals from
The Court of Federal Claims, Additionally, Section 1295(a)(2) confers
Appellate jurisdiction upon the Federal Circuit over District Court Decision, "if
The jurisdiction of that Court was based in whole or in part on section 1346(a)(2)."

## IV.    BASIS, GROUNDS AND REASONS WHY RELIEFS SOUGHT SHOULD BE GRANTED STATED BELOW:

(THERE EXIST ONGOING VAST JOINT SYSTEMIC FAILURE TO PAY PAST DUE MONEY AND
DENIAL OF ACCESS AND PROPERTIES VIA USE OF UNCONSTITUTIONAL CENSORSHIP AND
IMPROPER USE OF UNCONSTITUTIONAL SANCTIONS TO CONFISCATED, ROBBED, DAMAGED
PRIVATE BUSINESSES AND DENIED ACCESS TO COURTS, DENIED RIGHT TO PROPERTIES,
SUBJECTED PLAINTIFF TO FALSE IMPRISONMENT TO CAUSE PLAINTIFF IRREPARABLE PHYSICAL
AND PSYCHOLOGICAL INJURIES, PAINS AND SUFFERING VIA DENIAL OF SUBSTANTIVE DUE
PROCESS TO COVER-UP TO SILENCE THE TRUTH BY PERJURER'S PARTICULAR PERSON
UNDER COLOR OF STATE LAW VIA VIOLATION OF CONFLICTS OF INTEREST IN BREACHES
OF GOOD FAITH, AND FIDUCIARY DUTIES BUT VIOLATED TITLE VII OF THE CIVIL RIGHTS ACT OF
1964; AND U.S.C.A. CONST. AMENDMENTS 1, 4, 5, 6, 7, 8 AND 14 TO U.S. CONSTITUTION TO
INVOKED TITLE 42 U.S.C. SECTIONS 1983, 1985 AND 1986 FOR FAILURE TO PREVENT SEIZURE
OF PROPERTIES AND FAILURE TO PAY MONEY TO COMPENSATE FOR LOSSES INCURRED...

The foregoing paragraphs are re-alleged and incorporated each allegation contained in

each aforementioned statement on page numbered #1 through pages numbered #33 by reference as

thoughtfully set forth herein and thereafter pursuant to 28 U.S.C. Sections 1491, and 1295(a)(2)(3).

The Defendant's joints conduct as alleged above  constitutes  vast and widespread joint systemic pattern of failure to pay past-due money;  vast practices under color of State Law against this plaintiff because this plaintiff had opposed systemic deliberate indifference practices in Privates and Public Places nationwide ; more-so, in Courthouses, Schools, Colleges, Universities and Admissions and improper breaches of trust in processes in hospital via medically deliberate indifferent treatment,  and at employment places, and within Police Departments; and  for Police and District Attorney Richard Brown refusal to release Video Footages and because this plaintiff filed Judicial Misconduct Complaint.

Plaintiff was targeted by the Defendant's Agents jointly because this Plaintiff has been labelled a Whistleblower for filing Judicial Misconduct Complaint, and plaintiff was unlawfully arrested, searched and properties and private businesses seized without substantive due process, and subjected to maliciously designed prosecution; whereby Judges encouraged Police, Hard Core Criminal and Correctional Officers to Murder this plaintiff to cover-up gross judicial wrongdoing via deliberate indifference via conflict of interest to promote unequal protection to prevent and suppressed the truth.

Plaintiff believes and re-alleges based upon newly discovered evidences revealed joint participation by the Defendants own Agents under agreement in disguise under color of State Law to unduly influenced Courts Officers in State and Federal Courts via systemic deliberate indifference practices in disguise but prohibited under the United States Constitution and Laws if used to encouraged the Police and Courts Officers and Private and Public Persons to adopt, sanctioned, endorsed, and implemented as a practice custom and policy via attempted murder scheme as a policy the Late Adolf Hitler of the Former German Nazis Regime used to creates and enforced Nazis SS Judges, Nazis SS District Attorneys, Nazis SS Police Policies put in places in the United States of America as a practice custom and policy to targeted, taunted and singled out persons of Africa Origin via unconstitutional use

**34**

**Aror Ark O'Diah Complaint**

of unconstitutional sanction to carry out unconstitutional censorship via attempted murder by use of

lies, fabrications and intentional reckless disregard for Lives and Truth to further encouraged the Police

to filed false assaults charges to carried out false arrests, false searches and seizures of properties,

malicious prosecution, illegal indictments, unjust convictions, false imprisonments and attempted

murder of persons of Africa origin via deliberate indifference practices. **See Appendix "A", at pages**

**numbered #9 thru pages 15, and reconsider exhibit "A" at page #1 thru pages 89, enclosed.**

> See  Jennings v. Shuman, C.A. (Pa.) 1977, 567 F.2d 1213; Plaintiff believes and alleges
That:

> **"when  a Perjurer's particular person under color of state law in playing role in a
> scheme with Special Prosecutor and District Attorneys in making false statement
> which provided basis for criminal process should be held accountable and liable
> under Section 1983, and under U.S.C.A. Const. Amendments 1,4,5,6,7,8, and 14 to
> the United States Constitution; more-so, for deprivation of rights and for use of
> unconstitutional sanction to obstruct justice to denied equal protection and
> properties, even if he  or she was acting in judicial or private capacities in concert
> with special prosecutor and District Attorney via systemic discriminatory practices."**

The Defendants joint conducts were not by any rational reasons, but instead were pretext to hide the

Defendants  own Systemic Discriminatory and Retaliatory practices they put in places to denied this

plaintiff substantive due process and to further punish this plaintiff for exercise rights protected under

U.S.C.A. Const. Amendments 1,4,5,6,7,8, and 14 to the United States Constitution. **Appendix "A", at**

**page #1 thru pages #76, enclosed.**  Judge Sandra J. Feuerstein Sanction Order was issued to cover-up

vast and widespread judicial corruption and lawlessness used to "rigged" the 'Financial and Criminal

Justice Systems'.   Judge Sandra J. Feuerstein Sanctions Orders was put in places to silence the truth.

<u>**PRAYER FOR RELIEF OR IN THE ALTERNATIVE, POSSIBLE INJUNCTION**</u>

**WHEREFORE, this Plaintiff Aror Ark O'Diah, HEREBY requests that the Court award him:**

> **(a)**      A retroactive back pay, insurance claim, state and federal disability benefits claims owe

To this plaintiff, loss wages, businesses damages, properties unlawfully searched and seized, release

35                                                     **Aror Ark O'Diah Complaint**

properties illegally confiscated, compensation for loss properties, and medical benefits compensation for the past, present and future, and compensation for pain and suffering, and for irreparable harm;

    **(b)**    Issue and order to direct the Defendant to pay this Plaintiff-Appellant **$40,000.00** for Cash unlawfully seized; and **$75,000.00** Jewelry confiscated, and **$500,000.00** Merchandise confiscated, and **$200,000.00** value of Four Motor Vehicles seized, and **$36,000,000.00** Businesses damages, and **$200 Billion** long term personal and Businesses and Irreparable Bodily Injuries via unjust convictions and malicious prosecution and solitary cruel and unusual punishment confinement and torture;

    **(c)**    In the alternative, equitable relief based on exhibit "A", breaches of fiduciary duties.

    **(d)**    Injunction to barred all and each deliberate misrepresentation, and stop every and each Defamatory acts and Slanderous information the Defendant jointly maliciously place in the Internet.

    **(e)**    **DISCLOSURES OF CONFLICT OF INTEREST TO DENY EQUAL PROTECTION:** This Above-captioned action is related to pending Civil Right Action  docketed Case #: 1:16-cv-00336-UNA UNASSIGNED at the United States District Court for the District of Columbia by the original and copies of IFP and complaint Submitted  as filed on January 05, 2016 but the complaint  filing was completed  on about February  24, 2016; and on about March 15, 2016, initiated transferred to United States District Court for the Eastern District of New York  was process on about March 21, 2016 to completion  on about March 24, 2016 having Docketed Case #: 1:16-c-v-01373-PKC and now pending according to the Order issued on about April 12, 2016, by Judge PAMELA K. CHEN at the United States District Court for the Eastern District of New York.  United States District Court for the Eastern District of New York is a named party defendant; yet, Civil Right Complaint was transferred to that Court to  cover-up judicial lawlessness via extrajudicial collusion via breaches of fiduciary duties via "Gross Reckless Disregard" in systematic violation of the fifth and fourteenth Amendment to the United States Constitution.

(f)     Issue an Order to prohibits the United States Postal Service from destroying and from

Confiscation of plaintiff's and Plaintiff's private businesses, legal, commercial and religious mails.

(g)     Issue an Order directing the Defendants to release plaintiff's properties and direct

Queens County District Attorney Hon. Richard Brown, and Port Authority of New York and New Jersey

Commissioner, and Police to release ALL Properties and release all arrests Video Footages illegally held

in their possessions; and compel the Defendant to comply to 'restitution to pay past-due money' and;

(h)     Other damages and further relief as deemed just, fair, equitable and proper, including

renewal of Plaintiff's United States Passport and State of New York Drivers' License and freedom of

movement and privileges and adequate Healthcare be GRANTED.

### CONCLUSION

**WHEREFORE,** Aror Ark O'Diah, Pro Se Plaintiff hereby respectfully request, pray, and ask that

this Honorable Court GRANT all reliefs sought **because the United States Court of Federal Claims has**

**current jurisdiction**

I, Aror Ark O'Diah, certify under penalty of perjury under the law of the United States of America

pursuant to 28 U.S.C. Sections 1746 that the above and the within statements and the enclosed exhibit

"A", and and Affidavit of Yonette A. Grant, and ESE A. O'Diah, and Application for Leave to Proceed In

Forma Pauperis supporting facts are true and correct.

Dated: July 18, 2016,                        Respectfully Submitted By:
Brooklyn, Kings County, New York,
                                              Aror Ark O'Diah, Pro Se Plaintiff.-Appellant.
                                              Timespeed Worldwide Witnesses…Inc.
                                              Timespeed Informations & Protective Services, Inc.
                                              1325 Eastern Parkway Apt 4C, Brookkly, NY 11233.
                                              **Mailing:** P.O. Box 23262, Brooklyn, NY 11202-3262.
                                              Phone: (347) 614-8799.
                                              Email: arorarkodiah@gmail.com

37

**Aror Ark O'Diah Complaint**