**ORIGINAL**

# In the United States Court of Federal Claims

**FILED**

Pro Se
No. 16-931C
(Filed: November 3, 2016 | Not for Publication)

NOV - 3 2016

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| AROR ARK O'DIAH, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | Keywords: Pro Se Complaint; Tort Claims; Criminal Claims; Constitutional Claims; 42 U.S.C. §§ 1983 and 1985; Breach of Contract. |

*Aror Ark O'Diah*, Brooklyn, NY, Plaintiff pro se.

*Mollie L. Finnan*, Trial Attorney, with whom were *Brian A. Mizoguchi*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Benjamin C. Mizer*, Acting Assistant Attorney General, Commercial Litigation Branch, U.S. Department of Justice, Washington, DC, for Defendant.

## OPINION AND ORDER

This case is currently before the Court on the government's motion to dismiss the complaint pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC). For the reasons discussed below, the government's motion to dismiss is **GRANTED**.[1]

## BACKGROUND

This is the fourth complaint that the pro se plaintiff Aror Ark O'Diah has filed in this Court. Mr. O'Diah's three prior complaints were dismissed in an unpublished opinion the Court issued some four months before the present case was filed. O'Diah v. United States, Case Nos. 15-332C, 15-400C, 15-1000C, 2016 WL 1019251 (Fed. Cl. Mar. 14, 2016). As the Court noted when it dismissed Mr. O'Diah's previous complaints, Mr. O'Diah has also filed many similar complaints in other jurisdictions.

---

[1] Mr. O'Diah has also filed a motion to proceed in forma pauperis along with his complaint. The Court hereby **GRANTS** that motion solely for purposes of deciding the pending motion to dismiss.

In this fourth complaint, Mr. O'Diah appears to repeat the grievances he expressed in his prior three complaints, in some instances expanding upon them. These include allegations of mental, physical, and emotional abuse, assault, attempted kidnapping, attempted murder, false arrest, malicious prosecution, and unjust conviction and imprisonment. See Compl. at 1–2, 4–5, 8–9, 15, 23–24, Dkt. No. 1. They also include allegations by Mr. O'Diah that he has been subjected to cruel and unusual confinement involving exposure to radioactive chemicals. See id. at 4, 15, 23–24. In addition, Mr. O'Diah repeats, and sometimes expands upon, prior claims of unlawful search, seizure, and destruction of property, intentional misrepresentation and fraud with respect to his business activities and child support obligations, "false and contrived statements and perjured and fabricated testimonies," "retaliatory and discriminatory practices," and "breaches of implied contract." See id. at 1, 3–6, 17, 23–24, 26. Mr. O'Diah also again alleges, as he did in his prior three complaints, that all of these actions, and a conspiracy to commit the same, have been carried out by a variety of federal entities, officers, and agents; the state of New York; and state and local level officers and agents, as well as private entities and his former attorneys. See id. at 2, 4–7, 11–18, 23–26.

This fourth complaint also includes new allegations concerning actions of the United States Postal Service, apparently in conspiracy with the Department of Justice. See id. at 1, 7, 27–30. According to Mr. O'Diah, the Postal Service deliberately failed to deliver and/or destroyed a notice of appeal of this Court's decision dismissing his three earlier complaints. See id. at 27–30.

Mr. O'Diah claims the actions of which he complains resulted in deprivations of his rights under the United States Constitution, including his rights under the First, Fourth, Fifth, Sixth, Seventh, and Eighth Amendments. See id. at 1–2, 4, 8–10, 29–31, 36. He also alleges violations of 42 U.S.C. §§ 1983, 1985, and 1986, as well as intentional misrepresentation and fraud, negligence, and undefined "joint breaches of fiduciary duties." See id. at 1, 3–4, 13, 17–18, 26, 31. He also seeks to collaterally attack orders and judgments by other courts. See id. at 6. Finally, Mr. O'Diah demands $400 billion in damages and injunctive relief. See id. at 1, 35–36.

## DISCUSSION

### I. Standards for Motion to Dismiss Under RCFC 12(b)(1)

The Court of Federal Claims is a court of "limited jurisdiction." E.g., Marcum LLP v. United States, 753 F.3d 1380, 1382 (Fed. Cir. 2014). The court's primary grant of jurisdiction is found in the Tucker Act, which gives the court jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act thus waives the sovereign immunity of the United States to allow a suit for money damages. United States v. Mitchell, 463 U.S. 206, 212 (1983). It does not, however, confer any substantive rights on a plaintiff. United States v. Testan, 424 U.S. 392, 398 (1976). Therefore, to invoke the court's Tucker Act jurisdiction, a plaintiff must identify an independent source

2

of a substantive right to money damages from the United States arising out of a contract, statute, regulation, or constitutional provision. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008); see also Golden Pac. Bancorp v. United States, 15 F.3d 1066, 1076 (Fed. Cir. 1994).

In deciding a motion to dismiss for lack of subject matter jurisdiction, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Further, it is well established that complaints filed by pro se plaintiffs (like this one) are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 Fed. App'x 860 (Fed. Cir. 2004).

## II. Application to Mr. O'Diah's Complaint

Applying these standards, the Court concludes that—for much the same reasons that it dismissed Mr. O'Diah's previous complaint—it also lacks subject matter jurisdiction over the claims contained in his fourth complaint, which—as best the Court can understand them—are mostly identical to his previous claims.

First, the Court of Federal Claims has no jurisdiction to entertain claims against any defendant other than the United States. See United States v. Sherwood, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."). Accordingly, Mr. O'Diah's claims against private entities, organs of state government, or any other parties besides the United States must be dismissed.

The Court of Federal Claims' jurisdiction also does not extend to criminal matters. See Upshaw v. United States, 599 Fed. App'x 387, 388 (Fed. Cir. 2015) (per curiam); Joshua v. United States, 17 F.3d 378, 379 (Fed Cir. 1994). Nor does it extend to any claims "sounding in tort." See 28 U.S.C. § 1491(a)(1); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims . . . ."); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997)). Accordingly, the Court cannot assert jurisdiction over Mr. O'Diah's claims related to attempted murder, conspiracy, unlawful arrest and imprisonment, assault and battery, exposure to hazardous materials, mental, physical or emotional abuse, intentional misrepresentation and fraud, breach of fiduciary duties and so on, as those claims can only be construed as alleging criminal violations or torts.

Moreover, the Court's jurisdiction over constitutional claims is limited to those which are based on constitutional provisions that are "money-mandating." See Brown, 105 F.3d at 623; LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Accordingly, the Court lacks jurisdiction over Mr. O'Diah's claims under the First, Fourth, Sixth, Seventh, Eighth, and Fourteenth Amendments, as well as his claims under the Fifth Amendment's Due Process Clause, as those provisions do not give rise to a substantive right to money damages. See United States v. Connolly, 716 F.2d 882, 886–

3

87 (Fed. Cir. 1983) (First Amendment); Brown, 105 F.3d at 623 (Fourth Amendment); Dupre v. United States, 229 Ct. Cl. 706, 706 (1981) (per curiam) (Fourth and Sixth Amendments); LeBlanc, 50 F.3d at 1028 (Fifth Amendment's Due Process Clause and Fourteenth Amendment's Due Process Clause); Golden Pac. Bancorp, 15 F.3d at 1076 (Fifth Amendment's Due Process Clause); Winston v. United States, 465 F. App'x 960, 961 (Fed. Cir. 2012) (Sixth Amendment); Jaffer v. United States, No. 95-5127, 1995 WL 592017, at *2 (Fed. Cir. Oct. 6 1995) (per curiam) (Seventh Amendment); Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (per curiam) (Eighth Amendment).

Similarly, the Court does not possess jurisdiction to entertain Mr. O' Diah's claims of alleged civil rights violations premised upon, among other statutes, sections 1983 and 1985 of Title 42 of the United States Code. See, e.g., Jefferson v. United States, 104 Fed. Cl. 81, 89 (2012) (citing multiple cases holding that the Court of Federal Claims lacks jurisdiction to entertain claims brought under 42 U.S.C. §§1983 or 1985).

Furthermore, this Court lacks jurisdiction to review decisions of the Federal district courts and state courts. Joshua, 17 F.3d at 379 (holding that this Court "does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts"); Fielder v. Credit Acceptance Corp., 188 F.3d 1031, 1034 (8th Cir. 1999) (explaining lower Federal courts lack jurisdiction to review state court judgments). Thus, to the extent Mr. O'Diah asks this Court to review decisions of state and Federal courts in New York or elsewhere, those claims must be dismissed for lack of jurisdiction.[2]

Finally, although this Court possesses jurisdiction under the Tucker Act to entertain claims founded on contracts with the United States, Mr. O'Diah has not adequately alleged the existence of a contract with the United States. See Kam-Almaz v. United States, 682 F.3d 1364, 1368 (Fed. Cir. 2012) (to allege the existence of a contract with the United States, a plaintiff must allege "(1) mutuality of intent, (2) consideration, (3) an unambiguous offer and acceptance, and (4) actual authority on the part of the government's representative to bind the government in contract" (quoting Hanlin v. United States, 316 F.3d 1325, 1328 (Fed. Cir. 2003))). Mr. O'Diah's allegations also do not describe any of the terms of the purported contract. Accordingly, Mr. O'Diah has failed to establish a basis for this Court to exercise jurisdiction pursuant to its authority to entertain claims based on the breach of an express or implied contract with the United States. See Kroll v. Finnerty, 242 F.3d 1359, 1362 (Fed. Cir. 2001) ("A court must dismiss a complaint for lack of subject matter jurisdiction when the alleged basis for exercising federal jurisdiction is 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" (quoting Hagans v. Lavine, 415 U.S. 528, 536–37 (1974))); Trauma

---

[2] In his complaint, citing RCFC 59 and 60, Mr. O'Diah also appears to ask for reconsideration of this Court's March 14, 2016 Opinion and Order dismissing his prior three complaints. But those rules allow a party to request a new trial or reconsideration of the Court's decision by filing a motion in the case for which such new trial or reconsideration is sought, not through a collateral attack in some new case.

4

Serv. Grp. v. United States, 104 F.3d 1321, 1325 (Fed. Cir. 1997) (requiring a "well-pleaded allegation" of an express contract "to overcome challenges to jurisdiction").

## CONCLUSION

For the reasons discussed above, the government's motion to dismiss is hereby **GRANTED** and Mr. O'Diah's complaint is **DISMISSED** without prejudice. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge